IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARTIN WILEY and JULIA WILEY, h/w** ) <br> ) <br> **Plaintiff,** ) <br> vs. ) <br> ) <br> **COMMONWEALTH FINANCIAL SYSTEMS,** ) <br> **INC. d/b/a NORTHEAST CREDIT &** ) <br> **COLLECTIONS, INC., d/b/a NCC** ) <br> ) <br> **Defendant.** ) <br> ) | **Civil Action No.** |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

### I. INTRODUCTION

1.  This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Martin Wiley (hereafter "MW") and Julia Wiley (hereafter "JW"), h/w are adult individuals residing at 714 East Providence Road, Clifton Heights, PA 19018.

5. Defendant Commonwealth Financial Systems, Inc., d/b/a Northeast Credit & Collections, Inc., d/b/a NCC is a business entity regularly engaged in the business of collecting debts in this Commonwealth with its principal place of business located at 120 North Keyser Avenue, Scranton, PA 18504.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV.  **FACTUAL ALLEGATIONS**

6. At all pertinent times hereto, Defendant was attempting to collect a debt relating to consumer credit card purchases that were allegedly owed to Citibank (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. In May 2005, Plaintiff MW entered into an agreement with Collins Law Offices for settlement of the debt in the amount of $4,757.00. Plaintiff MW made a payment of $4,100.00, and was prepared to make a final payment until Collins Law Offices led him to believe it would not fulfill its end of the agreement. At said time, Plaintiff MW was under the impression the debt had been settled. (Hereafter the above related events shall be referred to as the "Setttlement.")

9. On or about March 16, 2007, Defendant wrote and sent to Plaintiff MW by U.S. mail a collection or "dunning" letter (the "3/16/07 Letter") which attempted to coerce Plaintiff MW into paying the alleged debt. (A true and correct copy of the 3/16/07 Letter is attached

2

hereto as Exhibit "A" and is incorporated herein).

10. On or about April 26, 2007, Defendant wrote and sent to Plaintiff MW by U.S. mail a collection or "dunning" letter (the "4/26/07 Letter") which attempted to coerce Plaintiff MW into paying the alleged debt. (A true and correct copy of the 4/26/07 Letter is attached hereto as Exhibit "B" and is incorporated herein).

11. Notwithstanding the above, on or about May 21, 2007, a representative, employee and/or agent from Defendant identifying herself as "Claire Bennett" contacted Plaintiffs in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. During the conversation, Ms. Bennett spoke with Plaintiff JW. Plaintiff JW disputed the debt, explaining the Settlement. In response, Ms. Bennett told Plaintiff JW that Plaintiffs were "ripped off," and continued to press for payment of the debt, attempting to coerce Plaintiffs into refinancing their property to pay the debt. Plaintiff JW then requested paperwork regarding the debt. In response, Ms. Bennett indicated that such retrieval could take three months and that Defendant's "law people won't like that."

12. On or about May 24, 2007, Plaintiff MW wrote and sent to Defendants a letter (hereafter the "5/24/07 Dispute Letter") which, *inter alia*, disputed and requested verification of the debt. (A true and correct copy of the 5/2407 Dispute Letter is attached hereto as Exhibit "C" and is incorporated herein).

13. On or about May 30, 2007, an individual identifying herself as "Karen from HCI Mortgage" contacted Plaintiffs. During the message on Plaintiffs' voicemail, Karen indicated Plaintiffs phone number was given to her by Ms. Bennett, who informed Karen that Plaintiffs were seeking to refinance their home.

14. Notwithstanding the above, on or about May 31, 2007, Ms. Bennett contacted

Plaintiffs in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

15. On or about June 7, 2007, Karen again contacted Plaintiffs leaving a message on Plaintiffs' voicemail indicating she was referred by Ms. Bennett to assist Plaintiffs in refinancing their home.

16. On or about June 11, 2007, Defendant wrote and sent to Plaintiff MW by U.S. mail a collection or "dunning" letter (the "6/11/07 Letter") which attempted to coerce Plaintiff MW into paying the alleged debt. Additionally, the 6/11/07 Letter, *inter alia*, threatened to sue Plaintiff MW within 10 days if the debt was not paid. (A true and correct copy of the 6/11/07 Letter is attached hereto as Exhibit "D" and is incorporated herein).

17. On or about July 7, 2007, Defendant wrote and sent to Plaintiff MW by U.S. mail a collection or "dunning" letter (the "7/7/07 Letter") which attempted to coerce Plaintiff MW into paying the alleged debt. Additionally, the 7/7/07 Letter, *inter alia*, threatened to sue Plaintiff MW within 5 days if the debt was not paid. (A true and correct copy of the 7/7/07 Letter is attached hereto as Exhibit "E" and is incorporated herein).

18. Notwithstanding the above, on or about July 16, 2007, Ms. Bennett contacted Plaintiffs in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

19. Notwithstanding the above, on or about July 23, 2007, Ms. Bennett contacted Plaintiffs in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted. During the message on Plaintiffs' voicemail, Ms. Bennett indicated Plaintiff MW needed to return her call "ASAP."

20. On or about July 23, 2007, Plaintiff MW wrote and sent to Defendants a letter (hereafter the "7/23/07 Dispute Letter") which, *inter alia*, again disputed and requested verification of the debt. (A true and correct copy of the 7/23/07 Dispute Letter is attached hereto as Exhibit "F" and is incorporated herein).

21. Notwithstanding the above, on or about July 30, 2007, Ms. Bennett contacted Plaintiffs in an attempt to coerce payment of the debt, with the intent to annoy, abuse, and harass such persons contacted.

22. On or about July 30, 2007, Karen again contacted Plaintiffs leaving a message on Plaintiffs' voicemail. The voicemail implied that Ms. Bennett had disclosed the debt to to Karen. The voicemail was as follows:

> "This is Karen at HCI Mortgage. Claire Bennett over at NCC Commonwealth has given us your name and number … to see if we could help you out with a mortgage restructure and refinance possibly to settle some debt and get some cash out to consolidate some other bills if needed."

23. To date, Defendant has not sued Plaintiff MW.

24. To date, Defendant had failed to provide Plaintiff MW with proof of the debt.

25. The Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. Defendant acted in a false, deceptive, misleading and unfair manner toward Plaintiff MW by falsely representing the amount, character or legal status of a debt.

27. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff MW

5

to pay the debt.

28. The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff MW, communicated with persons other than the Plaintiff MW that Plaintiff MW owes a debt on multiple occasions.

29. Defendant knew or should have known that its actions violated the FDCPA, FCEUA and the UTPCPL. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, FCEUA and the UTPCPL, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

30. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

31. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

32. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, damage to Plaintiff's credit, extreme physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V. **FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA**

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

35. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

36. The above contacts between Defendant and Plaintiffs are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

37. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(b), 1692d, 1692(d)(5), 1692e, 1692e(2)(A), 1692e(5), 1692e(10) and 1692f, as evidenced by the following conduct:

  (a) Communicating with persons other than the Plaintiff MW that Plaintiff MW owes a debt;

  (b) Communicating with persons other than the Plaintiff MW on more than one occasion;

  (c) Communicating, in connection with the collection of a debt with persons other than the Plaintiff MW;

  (d) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

  (e) Causing a telephone to ring or engaging any person in conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

  (f) The false representation of the amount, character or legal status of a debt;

  (g) Threatening to take action that cannot be legally be taken and/or is not intended to be taken; and

(h) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

38. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

39. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF-VIOLATION OF THE FCEUA AND UTPCPL

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. Defendant is a "debt collector" as defined by 73 P.S. § 2270.3 of the FCEUA.

42. Plaintiff is a "debtor" as defined by 73 P.S. § 2270.3 of the FCEUA.

43. The above contacts between Defendant and Plaintiffs are "communications"

relating to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

44. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a) Communicating with persons other than the Plaintiff MW that Plaintiff MW owes a debt;

(b) Communicating with persons other than the Plaintiff MW on more than one occasion;

(c) Communicating, in connection with the collection of a debt with persons other than the Plaintiff MW;

(d) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(e) Causing a telephone to ring or engaging any person in conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

(f) The false representation of the amount, character or legal status of a debt;

(g) Threatening to take action that cannot be legally be taken and/or is not intended to be taken; and

(h) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt.

45. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

46. As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against the Defendant for actual damages pursuant to 73 P.S. § 201-9.2(a);

(b) That judgment be entered against the Defendant for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(c) That judgment be entered against the Defendant for treble damages pursuant to 73 P.S. § 201-9.2(a);

(d) That the Court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(e) That the Court grant such other and further relief as may be just and proper.

### VII.   THIRD CLAIM FOR RELIEF-INVASION OF PRIVACY

47. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

48. Defendant's continuous and repeated contact of Plaintiffs constitutes an invasion of privacy.

49. Defendant's manipulation of HCI Mortgage, resulting in calls to Plaintiffs from Karen, constituted an invasion of privacy.

50. As a result of Defendant's above-mentioned conduct, Plaintiffs sustained and continues to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiffs claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in their favor, plus lawful interest thereon.

### VIII. JURY TRIAL DEMAND

51. Plaintiff demands trial by jury on all issues so triable.

                            **RESPECTFULLY SUBMITTED,**

                            **FRANCIS & MAILMAN, P.C.**

                BY: _____
                      JAMES A. FRANCIS, ESQUIRE
                      MARK D. MAILMAN, ESQUIRE
                      JOHN SOUMILAS, ESQUIRE
                      MICHAEL J. SZYMBORSKI, ESQUIRE
                      Attorneys for Plaintiff
                      Land Title Building, 19th Floor
                      100 South Broad Street

                                                          Philadelphia, PA 19110
                                                          (215) 735-8600

DATE:  August 31, 2007